**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.**

**AEG LIVE - ROCKY MOUNTAINS, LLC**

      **Plaintiff,**

vs.

**JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANY,**

      **Defendants.**

---

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND VIOLATIONS OF THE LANHAM ACT**

---

Plaintiff AEG Live – Rocky Mountains, LLC, Inc., by its attorneys, files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

**PARTIES**

2. AEG Live – Rocky Mountains, LLC ("Plaintiff") is a Delaware limited liability corporation with its principal place of business in Denver, Colorado.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are

1

unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants will be present in and about the District of Colorado, Denver in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the District of Colorado, Denver and is or will be subject to the jurisdiction of this Court.

6. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

7. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

8. Plaintiff is engaged in promoting a music festival known as the **"MILE HIGH MUSIC FESTIVAL"** (the "Festival") and also is in the business of manufacturing, distributing and selling of various types of merchandise sold and distributed at the Festival including but not limited to tour and program books, T-shirts, jerseys, sweatshirts, hats, buttons and posters which embody the trademarks of the Festival (collectively "Festival Merchandise").

9. The Festival has obtained a US Trademark Registration for its **MILE HIGH MUSIC FESTIVAL** trademark, Registration Number 3578292 for International Class ("IC") 25, for use in connection with clothing, namely sweatshirts and T-shirts, IC

16 for use in connection with printed matter, namely posters and event programs and IC 41 for use in connection entertainment services, namely organizing and producing musical festivals.

10. Plaintiff possesses the exclusive right to utilize all trademarks, service-marks, logos and other indicia of the Festival on and in connection with Festival Merchandise sold and offered for sale in the vicinity of the Festival (collectively the "Festival Trademarks"). Plaintiff uses its Festival Trademarks on officially authorized goods and services.

11. The Festival is well known and its Festival Trademarks are used in advertising, promotional material, on recording covers and on Festival Merchandise. The Festival, now in its third year, was previously attended by over 90,000 people each year and this year's attendance is anticipated to be approximately the same, about 90,000 people.

12. As a result of the foregoing, the Festival Trademarks have developed and now possesses secondary and distinctive meaning to purchasers of the Festival Merchandise bearing any or all of the Festival Trademarks.

13. Plaintiff annually realizes substantial income from the sale of the Festival Merchandise bearing the Festival Trademarks, and hundreds of thousands of such items have been sold throughout the United States.

14. On August 14 and 15, 2010 at the Dick's Sporting Goods Park, in Commerce City, Colorado, the Festival will occur. Only Plaintiff has the right to sell merchandise bearing the Festival Trademarks at and near the Festival.

## **DEFENDANTS' UNLAWFUL CONDUCT**

15. On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, and other merchandise bearing any or all of the Festival Trademarks (the "Unauthorized Merchandise") in the vicinity of the Festival before, during and after their performances.

16. The Unauthorized Merchandise is of the same general appearance as Plaintiff's Festival Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Unauthorized Merchandise is not authorized by the Plaintiff.

17. The Unauthorized Merchandise sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Plaintiff which has developed by virtue of their reputation for high quality associated with Plaintiff and its Festival Merchandise.

18. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Unauthorized Merchandise is authorized, sponsored or approved by the Plaintiff and that such Unauthorized Merchandise is subject to the same quality control and regulation required by the Plaintiff, despite the fact that this is not true. It also injures the Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

19. The aforesaid manufacture, distribution and sale of Unauthorized Merchandise bearing the trademarks, service marks, logos and/or other indicia of the Festival constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants and others of the

Festival Trademarks also constitutes an attempt to palm off and appropriate to themselves the Plaintiff's exclusive rights therein.

20. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF

(Violation of 15 U.S.C. §1125(a))

21. Plaintiff realleges each allegation set forth in the paragraphs above.

22. By reason of the foregoing, Plaintiff claims against Defendants for injunctive and monetary relief pursuant to the Lanham Act, 15 U.S.C. §1125(a), with respect to the false designation of origin, descriptions and representations in commerce of Defendants' Unauthorized Merchandise.

## SECOND CLAIM FOR RELIEF

(Violation of 15 U.S.C. §1114)

23. Plaintiff realleges each allegation set forth in the paragraphs above.

24. By reason of the foregoing, Plaintiff claims against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. §1114, with respect to the Defendants' infringement of the registered trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling,

offering for sale, holding for sale or advertising any products, merchandise or goods bearing the trademarks, service marks, logos and/or other indicia the Festival or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.      As to All Claims For Relief, that this Court order the US Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arena at which the Festival occuring, whether this occurs before, during or after the concerts.

C.      That Defendants deliver up for destruction all Unauthorized Merchandise.

D.      As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E.      As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated:  August 9, 2010                    Respectfully Submitted
                                             /s Cara R. Burns
                                          CARA R. BURNS
                                          Hicks, Mims, Kaplan & Burns
                                          3250 Ocean Park Blvd, Ste 350,
                                          Santa Monica, California 90405
                                          Tel: (310) 314-1721/ Fax: (310) 314-1725
                                          Email:cburns@hmkblawyers.com/ Atty for Plaintiff